UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRETT, | : | **CIVIL NO. 1:12-CV-01495** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| ANTHONY UNKNOWN, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I. Introduction.

The plaintiff, Frank Brett, has brought this action against a number of federal and state law enforcement officers. He has not, however, set forth his claims in a clear and intelligible manner. We have reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that it fails to state a claim upon which relief may be granted. Because Brett failed to file an amended complaint clarifying his claims when given the opportunity, further leave to amend would be futile. And so we recommend that the complaint be dismissed without further leave to amend.

## II. **Background and Procedural History**.

Brett commenced this action by filing a complaint, an application to proceed *in forma pauperis,* and a motion to file the case under seal.

The caption of the complaint names the following as defendants: Anthony Unknown, a United States Marshal from Philadelphia; Officers Carey and Jonas, Philadelphia Police Officers; Unknown Female Marshal; Unknown Maintenance Man; and an unknown State Police car with license plate number 28063.

The allegations of the complaint are not clear. Brett mentions the Telecommunications Act of 1996 and what he refers to as the FISA Compromise Act. He mentions illegal tracking without a warrant and illegal wiretapping. He also mentions a refusal to return documents. He further claims that he was defamed by being falsely accused of being gay. In the relief section of his complaint, he mentions a host of individuals. It is not clear if he intends to name all of them as defendants.

We denied Brett's motion to file the case under seal. We granted his application for leave to proceed *in forma pauperis* but determined that the complaint fails to state a claim upon which relief may be granted. After setting forth the relevant pleading standards and pointing out the deficiencies with the complaint, we granted Brett leave to file an amended complaint, and we warned him that if he did not file an amended complaint it would be recommended that the complaint be dismissed and that the case file be closed.

Any amended complaint was due on or before September 6, 2012. Brett has not filed an amended complaint, nor has he requested an extension of time to do so. Because Brett has not filed an amended complaint and because the original complaint fails to state a claim upon which relief may be granted, we recommend that the complaint be dismissed and that the case file be closed.

**III. <u>Discussion</u>.**

**A. <u>Screening of Pro Se In Forma Pauperis Complaints—Standard of Review</u>.**

This court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed in forma pauperis. Specifically, we are obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>    (i) is frivolous or malicious
>    (ii) fails to state a claim upon which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim upon which relief may be granted, a complaint must comply with the pleading requirements of Fed.R.Civ.P. 8. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"

4

*Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 556 U.S. at 678 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial

5

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

B. **The Complaint Fails to State a Federal Claim Upon Which Relief May be Granted**.

Brett names state and federal officers as defendants. We construe the claims against the state officers as 42 U.S.C. § 1983 claims and the claims against the federal officers as *Bivens*[1] claims.

Liability in a Section 1983 action or a *Bivens* action may not be based on *respondeat superior*. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits,

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. "A *Bivens* action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001).

7

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, *supra,* 556 U.S. at 676. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677.

Brett has not alleged how any of the named defendants was personally involved in violating his constitutional rights. In fact, the statement-of-the-claim section of the complaint does not even mention the defendants. This style of pleading is plainly inadequate and fails to meet the minimal standard of Fed.R.Civ.P. 8(a). *Hudson v. McKeesport Police Chief,* 241 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case). It does not provide fair notice of what Brett's claims are and of the grounds upon which those claims rest, and it does not state a claim to relief that is plausible on its face. And so the complaint fails to state either a 42 U.S.C. § 1983 claim or a *Bivens* claim upon which relief may be granted against the defendants.

## C. **The State Law Claims Are Not Properly Joined in This Action and the Court Does Not Have Jurisdiction Over Those Claims**.

The complaint also appears to raise state law claims. The plaintiff alleges that he was defamed in Harrisburg, Philadelphia, and Havertown, Pennsylvania; Wilmington, Delaware; Bel Air and Baltimore, Maryland; Washington D.C.; Virginia; North Carolina; New Jersey; South Carolina; Georgia; and Florida. Only the alleged defamation that occurred in Harrisburg, Pennsylvania has any connection with this forum such that venue may be proper. As to those actions, Brett alleges that Tug McGraw's son called him gay and followed him to Harrisburg in July of 2011. He further alleges that he then saw McGraw and two other guys on Broad Street and they called him gay. He alleges that this was spread to all of the Philadelphia Phillies players.

Because the defamation allegations are not related in any way to the claims against the named defendants and the federal claims, they are not properly joined in this case. *See* Fed.R.Civ.P. 20(a)(2)(providing that defendants may be joined in one action if "any right to relief is asserted against them

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."). And the court does not have supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(a) (providing, with limited exceptions, that in cases in which the court has original jurisdiction the court also has supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Moreover, there is no basis for the court to exercise diversity jurisdiction over such state law claims. The court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1). Brett has not alleged the citizenship of the defendants. Nor has he alleged facts from which it can reasonably be inferred that the matter in

controversy exceeds the sum or value of $75,000. Accordingly, the court does not have diversity jurisdiction.

**D. Further Leave to Amend Would Be Futile**.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Although we granted Brett leave to file an amended complaint, he has not taken advantage of that opportunity. Because Brett has not filed an amended complaint, further leave to amend would be futile. Therefore, we recommend that the complaint be dismissed without further leave to amend.

11

**IV. Recommendation.**

Accordingly, for the foregoing reasons, it is recommended that the complaint be dismissed without further leave to amend and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also

receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of September, 2012.

>S/*Martin C. Carlson*
>Martin C. Carlson
>Magistrate Judge