IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK BRETT,                          :
                                      :      1:12-cv-01495
            Plaintiff,                :
                                      :      Hon. John E. Jones III
            v.                        :
                                      :      Hon. Martin C. Carlson
ANTHONY UNKNOWN, et. al.,             :
                                      :
            Defendants.               :

## MEMORANDUM

**October 16, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 6), filed on September 9, 2012, which recommends that Plaintiff Frank Brett's ("Plaintiff"or "Brett") complaint be dismissed.   No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R in its entirety.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

_____

[1] Objections were due by October 12, 2012.

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed the instant complaint on August 1, 2012 (Doc. 2), and accompanied it with an application to proceed in *forma pauperis* (Doc. 1) as well as a motion to file the case under seal (Doc. 3). On August 6, 2012, an Order was issued (Doc. 5), granting Plaintiff's motion to proceed in *forma pauperis*, denying his motion to file the case under seal, and offering Brett the opportunity to amend his complaint on or before September 6, 2012. Plaintiff did not amend his complaint. In his R&R, Magistrate Judge Carlson screened this *pro*

*se* in *forma pauperis* complaint pursuant to his duty under 28 U.S.C. § 1915(e)(2), and found the following: (1) Plaintiff's complaint failed to state a claim upon which relief could be granted; (2) the state law claims within the complaint were not properly joined in this action and the Court does not have jurisdiction over them; and (3) further leave to allow Plaintiff to amend would be futile.

Brett's complaint names the following as defendants: Anthony Unknown, a United States Marshal from Philadelphia; Officers Carey and Jonas, Philadelphia Police Officers; Unknown Female Marshal; Unknown Maintenance Man; and an unknown State Police car with license plate number 28063.  Brett appears to set forth a number of federal and state claims, including claims against federal and state officers as well as state law claims of defamation. However, as noted by Magistrate Judge Carlson in his R&R, Plaintiff fails to set forth his claims in a clear and intelligible manner.[2]

## III.   DISCUSSION

In his R&R, Magistrate Judge Carlson laid out the proper standard of review for the screening of *pro se* in *forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2).  In accordance with his duty under 28 U.S.C. § 1915(e)(2)(B)(ii), the

---

[2]In his R&R, Magistrate Judge Carlson describes in detail the contents of Plaintiff's Complaint.  In the interest of judicial economy, we will not rehash such a description here; instead, we direct the reader to the R&R, which is attached.

Magistrate Judge proceeded to analyze whether the  complainant stated a federal claim upon which relief may be granted.  Magistrate Judge Carlson provided the legal standard for a properly stated federal claim of a *pro se* litigant, and, using that standard, determined that Brett failed to state a claim upon which relief may be granted.

Treating the claims against federal officers as *Bivens* claims and those against state officers as 42 U.S.C. § 1983 claims, the Magistrate Judge observed that Plaintiff's Complaint failed to allege how any of the named Defendants were personally involved in violating his constitutional rights.  He emphasized that Brett failed to even mention the Defendants in the statement-of-the-claim section of his Complaint.  In light of this, Magistrate Judge Carlson opined that the complaint failed to provide fair notice of Brett's claims and the grounds upon which those claims rested.  Thus, the Magistrate Judge correctly concluded that the complaint failed to states either a 42 U.S.C. § 1983 claim or a *Bivens* claim upon which relief may be granted against the Defendants.

In dealing with the state law claims of defamation, Magistrate Judge Carlson correctly observed that venue may be proper only as to the alleged defamation that occurred in Harrisburg, Pennsylvania. Brett alleged that he was defamed by Tug

McGraw's son in Pennsylvania.[3]  Specifically, he alleged that Tug McGraw's son called him gay and followed him to Harrisburg in July of 2011.  Brett further alleged that McGraw and two others saw him on Broad Street and they called him gay, and that this was spread to all of the Philadelphia Phillies' players.

Magistrate Judge Carlson properly determined that the aforementioned claims are not related in any way to the claims against the named defendants and the federal claims, and, as such, are not properly joined in this case.  The Magistrate Judge also correctly determined that diversity jurisdiction was not properly alleged, as (1) nothing within the Complaint suggests a matter in controversy exceeding the sum or value of $75,000 as required by 28 U.S.C. § 1332(a)(1); and (2) Brett did not allege the citizenship of the Defendants and complete diversity of citizenship is required by 28 U.S.C. § 1332(a)(1).

Noting that the screening provisions of 28 U.S.C. § 1915 require the court to grant the *pro se* plaintiff leave to amend his complaint unless amendment would be futile, Magistrate Judge Carlson engaged in such an analysis.  Most notably, the Magistrate Judge observed that this Court previously offered Brett leave to file an amended complaint at the outset of this matter, and he did not avail himself of that

---

[3]Tug McGraw was a professional baseball player who played for the Philadelphia Phillies from 1974 to 1984.  He died in 2004.

opportunity.[4]  We agree with the Magistrate Judge's determination that such

inaction indicates that offering Brett further leave to amend would be futile.

 As we have already mentioned, Plaintiff has not filed objections to the R&R.

Because we agree with the sound reasoning that led the Magistrate Judge to the

conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind

towards conserving judicial resources, we will not rehash the reasoning of the

Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it

accurately reflects our consideration and resolution of the case *sub judice*.  An

appropriate Order shall issue.

---

[4]Plaintiff's complaint is a mishmash of indecipherable and frequently salacious allegations that appear to be unrelated on their face.  There is no plausible way to torture any of these into causes of action that should survive, given Plaintiff's declination of our license for him to file an amended complaint.